UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARMANDO NAVARRO-PINONES,<br><br>Defendant. | Case No. 20-cr-00317-JSW-9<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. Nos. 495, 503 |

This matter comes before the Court upon consideration of the motion for compassionate release filed by the Defendant. The Court has considered the parties' papers, the response from the United States Probation Officer, the record in this case, and relevant legal authority. For the reasons that follow, the Court DENIES the motion.

**ANALYSIS**

On April 18, 2022, Defendant filed a *pro se* motion for compassionate release, pursuant to 18 U.S.C. section 3582(c). On May 24, 2022, appointed counsel filed an amended motion. Section 3582 was amended by the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act of 2018 (the "First Step Act"). The relevant portion of those amendments provide that:

> The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of

1

> days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
> …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Once a defendant has exhausted their administrative remedies, a court may grant a motion for compassionate release if, after the considering the Section 3553(a) factors, it finds "extraordinary and compelling reasons warrant" a reduction.[1] The reduction also must be "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Defendant bears the burden to show a sentence reduction is warranted. *See, e.g., United States v. Greenhut*, No. 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

"Congress has not defined what constitutes 'extraordinary and compelling'" reasons; however, it did state that "[r]ehabilitation of the defendant alone" will not meet the standard. *United States v. Rodriguez*, 424 F. Supp. 3d 681 (N.D. Cal. Nov. 25, 2019) (quoting 28 U.S.C. § 994(t)). Section 994(t) directs the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons" when "promulgating general policy statements" relating to Section 3582(c)(1)(A). 28 U.S.C. § 994(t). Guideline section 1B1.13 sets forth four "extraordinary and compelling reasons" that may warrant a sentence reduction. U.S.S.G. § 1B1.13. The first three reasons pertain to the medical condition of the defendant, age of the defendant, and family circumstances. U.S.S.G. § 1B1.13, app. note 1(A)-(C). The fourth is a "catch-all" provision entitled "Other Reasons", which provides that "[a]s determined by the Director of the Bureau of Prisons ["BOP"], there exists in the defendant's case an extraordinary

---

[1] The parties agree Defendant exhausted his administrative remedies.

and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id., app. note. 1(D). The Ninth Circuit has held that Section 1B1.13 is not an "applicable" policy statement for motions for compassionate release filed by defendants. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). Therefore, although the statements in Section 1B1.13 "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, … they are not binding." *Id.*

Defendant has a little over a year to serve on his sentence. (Declaration of Vicki Marolt Buchanan ("Buchanan Decl."), ¶ 2, Ex. A.) The Court concludes that even if the Section 3553(a) factors weighed in his favor, he has not shown extraordinary and compelling reasons that would warrant a reduction in that term. The Court sentenced defendant to a below guidelines sentence, which took into account his prior medical history. The record does show that Defendant has diabetes which places him at a greater risk of severe illness if he contracts the COVID-19 virus but it appears to be well-monitored and under control. Defendant also tested positive for the virus in January 2022, and the record shows he has recovered, has been vaccinated, and has not contracted it again. monitored (*See* Buchanan Decl., ¶¶ 5-6, Ex. E, Ex. F at 62-71[2], 91-92.) Based on these facts, the Court is not convinced that Defendant's concerns about COVID-19 constitute extraordinary and compelling reasons that warrant his early release. *Cf. United States v. Eberhart*, 448 F. Supp. 3d *, 1090 (N.D. Cal. 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.")[3]; *see also United States v. Kariblghossian*, No. 2:13-CR-00318-CAS-1, 2021 WL 1200181, at *3 (C.D. Cal. Mar. 29, 2021) (denying motion for compassionate release where defendant diagnosed with diabetes received both doses of the COVID-19 vaccine).

Defendant also argues the restrictions imposed due to the COVID-19 pandemic have

---

[2] Defendant's medical records are Bates Numbered with a "DOJ-00XXX" prefix. The Court omits the prefix and cites to the last few numbers of the sequence.

[3] The Court has not considered Section 1B1.13 as binding, pursuant to the Ninth Circuit's ruling in *Aruda*.

increased the severity of his sentence beyond that which could have been anticipated at sentencing. However, the Court imposed sentence on September 28, 2021, and the Court concludes that argument is not persuasive.

Accordingly, the Court DENIES the motion.

**IT IS SO ORDERED**.

Dated: July 5, 2022

_____
JEFFREY S. WHITE
United States District Judge